**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
AL-WAHID ALI,                    :
                                 :    Civil Action No. 08-3035(JAG)
          Plaintiff,             :
                                 :
                                 :
          v.                     :    OPINION
                                 :
LINDA DEVRIES, et al.,           :
                                 :
          Defendants.            :
```

**APPEARANCES:**

    AL-WAHID ALI, Plaintiff pro se
    # 435650
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

    ROBERT F. VARADY, ESQ.
    LA CORTE, BUNDY, VARADY & KINSELLA, ESQS.
    989 Bonnel Court
    Union, New Jersey 07083
    Counsel for Defendants Peter Mc Cord and Alan Silver

**GREENAWAY, JR.**, District Judge

    This matter comes before this Court by Notice of Removal under 28 U.S.C. § 1446(a), filed on behalf of defendants, Peter Mc Cord and Alan Silver.[1] Plaintiff, Al-Wahid Ali ("Ali"), is proceeding pro se and is currently confined at the Northern State Prison in Newark, New Jersey. He filed a civil action against defendants in the Superior Court of New Jersey, Law Division,

---

[1] Defendants have paid the $350.00 filing fee for removing this action to federal court.

Essex County, on or about April 17, 2008. The removing defendants contend that the subject matter of Ali's Complaint provides a federal question because plaintiff is alleging that his right to a fair trial and due process, as guaranteed under the Fourteenth Amendment of the United States Constitution, were violated. Accordingly, jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331.

Because plaintiff is a prisoner seeking redress against government officials, the Court must review the Complaint "as soon as practicable after docketing," pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, this Court concludes that the Complaint should be dismissed without prejudice.

I.   BACKGROUND

Plaintiff, Al-Wahid Ali, brings a civil rights complaint against the following defendants: Linda Devries, Chief Investigator with the New Jersey State Police ("NJSP"); Denise Hosfield of the NJSP; Detective Michael O'Brien of the NJSP; Peter McCord and Alan Silver of the Union County Prosecutor's Office; and Police Officer F. Giunta. Ali complains that defendants were involved in a conspiracy of prosecutorial

misconduct involving the withholding of allegedly exculpatory evidence, namely, a fingerprint report.  Ali alleges that defendants Devries and Hosfield failed to investigate the chain of custody of the report that was purportedly submitted with the Automated Fingerprint Identification System ("AFIS") by defendant Det. O'Brien, and that Police Officer Giunto submitted a false report.  Plaintiff further asserts that the prosecutors elicited perjured testimony before the grand jury.  Ali claims that the conduct of defendants violated his Fourteenth Amendment right to due process and a fair trial.

Plaintiff seeks money damages of $10 million.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff is a prisoner asserting claims against government officials, namely police officers and prosecutorial investigators, regarding incidents occurring during

3

his state criminal trial proceedings.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).  "Specific facts are not necessary; the statement need only ''give the defendant fair notice of what the ... claim is and the grounds upon which it rests.''" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable).

### III.  SECTION 1983 ACTIONS

This Court construes this action as a civil Complaint, filed pursuant to 42 U.S.C. § 1983, in which plaintiff is alleging violations of his civil rights guaranteed under the

5

Constitution of the United States.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

There is no question that the named defendants are state actors because they are government officials with the Union County Prosecutor's Office, the New Jersey State Police and/or other unidentified police departments in the State of New Jersey.  The question remaining is whether a constitutional right has been violated.

### IV.  ANALYSIS

In his Complaint, Ali essentially alleges that purportedly false testimony and a false fingerprint report were used by defendants to convict plaintiff at his state criminal trial.  He further contends that defendants Hosfield and Devries failed to

6

investigate the false fingerprint report fully, as requested by plaintiff, which would have led to exculpatory evidence. Ali remains in prison because his conviction has not been overturned or invalidated. There is no indication whether Ali has filed a direct appeal or any post-conviction motions in state court challenging his conviction on the grounds asserted in this Complaint.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to the one presented in Preiser,

7

*i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).

The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a

§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Here, Ali's request for money damages based on allegations that he was denied due process and a fair trial in violation of his Fourteenth Amendment rights is an attempt to challenge the fact of his confinement, and of course, the conviction itself. Indeed, any judgment rendered in favor of plaintiff on his allegations of conspiracy and prosecutorial misconduct would necessarily imply the invalidity of the conviction obtained by use of the alleged perjured testimony, false fingerprint reports, and failure to provide allegedly exculpatory evidence.

Thus, in accordance with Preiser, Ali's claim must be brought in a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.  Similarly, Ali's request for money damages is barred by Heck, unless he receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.

Based on this analysis, Ali's Complaint is not cognizable at this time.  The Complaint will be dismissed without prejudice.

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, without prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  An appropriate order follows.

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  June 27, 2008