**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AL-WAHID ALI, | : | |
| | : | Civil Action No. 08-3035 (JAG) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LINDA DEVRIES, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    AL-WAHID ALI, Petitioner pro se
    #435650
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

    ROBERT F. VARADY, ESQ.
    LA CORTE, BUNDY, VARADY & KINSELLA, ESQS.
    989 Bonnel Court
    Union, New Jersey 07083
    Counsel for Defendants, Peter McCord and Alan Silver

**GREENAWAY, JR.**, District Judge

This matter comes before the Court upon pro se plaintiff, Al-Wahid Ali's ("Ali") motion for reconsideration of this Court's June 30, 2008 Opinion and Order, which dismissed Ali's Complaint, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ali filed his motion for reconsideration on or about August 13, 2008. (Docket Entry No. 4).

In order to entertain petitioner's motion for reconsideration, this Court will have the Clerk reopen the file. This motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

On or about April 17, 2008, Ali filed a civil action against named defendants, Linda Devries, Det. Michael O'Brien, Peter McCord, Alan Silver, and F. Giunta, in the Superior Court of New Jersey, Law Division, Essex County. Defendants McCord and Silver removed the action to this federal district court, contending that the subject matter of Ali's Complaint provides federal question jurisdiction under 28 U.S.C. § 1331, because plaintiff is alleging that his rights to a fair trial and due process, as guaranteed under the Fourteenth Amendment of the Constitution of the United States, were violated.

The Complaint alleges that defendants were involved in a conspiracy of prosecutorial misconduct involving the withholding of allegedly exculpatory evidence, namely, a fingerprint report. The Complaint also alleges that defendants Devries and Hosfield failed to investigate the chain of custody of the report that was purportedly submitted with the Automated Fingerprint Identification System ("AFIS") by defendant Det. O'Brien, and

that Police Office Giunto submitted a false report. Ali further asserted that the prosecutors elicited perjured testimony before the grand jury. Ali claims that this alleged conduct of defendants violated his Fourteenth Amendment right to due process and a fair trial. He seeks money damages of $10 million.

In an Opinion and Order filed on June 30, 2008, this Court dismissed the Complaint, without prejudice, because plaintiff failed to state a cognizable claim for relief. Relying on Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994), this Court found that Ali's request for money damages based on allegations that he was denied due process and a fair trial, in violation of his Fourteenth Amendment rights, was an attempt to challenge his confinement, and, of course, the conviction itself. Any judgment rendered in favor of plaintiff on his allegations of conspiracy and prosecutorial misconduct would necessarily imply the invalidity of the conviction obtained by use of the alleged perjured testimony, false fingerprint reports, and failure to provide allegedly exculpatory evidence. Thus, in accordance with Preiser, Ali's claim must be brought in a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies. Likewise, Ali's request for money damages is barred by Heck, until he receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.

Ali filed this motion for reconsideration on or about August 13, 2008. He appears to ask that this Court reconsider its dismissal of plaintiff's Complaint because he recently filed a petition fo post-conviction relief in state court challenging his conviction. He also mentions that he had filed a direct appeal from his conviction.

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an

4

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should

reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be addressed through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Ali fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of this matter, which is necessary for the Court to entertain the motion for reconsideration.  Ali does not present the Court with any changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Instead, Ali simply states that he recently filed a state court petition for post-conviction relief ("PCR") to challenge his conviction, which allegedly was based on conduct by defendants that Ali claims was unconstitutional and violated his right to due process.

However, this new fact concerning the filing of a PCR petition in state court does not change the disposition of this matter at this time.  Ali's complaint is not cognizable under 42 U.S.C. § 1983, as alleged, because his claims of constitutional violations, if found to be meritorious, would necessarily imply the invalidity of his conviction.  Therefore, under <u>Heck</u>, his civil action for damages is premature until Ali's conviction is invalidated, either through the state PCR petition now currently pending, or through a federal habeas action.  Ali may bring this civil action only after he is successful in invalidating his state court conviction.

Therefore, Ali cannot satisfy the threshold for granting a motion for reconsideration. His only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons expressed above, the Clerk of the Court is directed to reopen this file for review of Ali's motion for reconsideration. The motion is denied for lack of merit. The file may be closed once again after the denial of Petitioner's motion is entered on the docket. An appropriate Order follows.

                                   S/Joseph A. Greenaway, Jr.
                                   JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 7, 2008